UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


<u>Leo Marquis</u>

     v.                                 Civil No. 06-cv-233-JD
                                        Opinion No. 2007 DNH 098

<u>Fairview Nursing Home, Inc. and</u>
<u>Community Insurance Company</u>
<u>d/b/a Anthem Blue Cross and Blue Shield</u>


                              <u>O R D E R</u>

     Leo Marquis brought a declaratory judgment action in state court seeking health insurance coverage from Anthem Blue Cross and Blue Shield and Fairview Nursing Home, Inc. for his medical expenses.  The defendants removed the case to this court based on the Employee Retirement and Income Security Act ("ERISA") and federal question jurisdiction.  The parties each have moved for judgment on the administrative record.


                             <u>Background</u>

     Leo Marquis is a former employee of Chardon Rubber Company. He stopped working because of a disability and received health insurance coverage under Chardon's Anthem Blue Cross and Blue Shield policy.  He also received social security disability benefits through Medicare.  Chardon then went out of business, and Marquis was laid off.

Beginning in January of 2004, Marquis continued his Anthem health insurance coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").  Marquis also was insured as a dependent under his wife's health insurance from her employer, Fairview Nursing Home, Inc.  He also continued to be eligible for benefits under Medicare, Part A.  Between January and June of 2004, Marquis incurred medical bills for treatment of colon cancer, among other things, which have not been paid.  Anthem, Fairview, and Medicare have all denied coverage, each contending that another insurer provides primary coverage.

## Discussion

The Anthem policy and Fairview's plan both have coordination of benefits sections that establish criteria for determining which insurance coverage is primary when more than one source of coverage may be available.  Under those provisions, Fairview and Marquis assert that Anthem is primary, and Anthem asserts that Fairview is primary.  Anthem also asserts that it is secondary to Medicare coverage.  The United States is not a party in this suit.

ERISA benefit plans are construed under federal law "guided by common sense principles of contract interpretation." Balestracci v. NSTAR Elec. & Gas Corp., 449 F.3d 224, 230 (1st

Cir. 2006) (internal quotation marks omitted).  "Under ERISA, unambiguous language in a plan is enforced according to its terms."  Id.  Plan language "is ambiguous if the terms are inconsistent on their face, or if the terms allow reasonable but differing interpretations of their meaning."  Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 586 (1st Cir. 1993). If disputed language is ambiguous, the court may refer to extrinsic evidence to determine the meaning that was intended. Balestracci, 449 F.3d at 230-31.

   Fairview's plan states that its coverage will be secondary if the claimant is covered as a dependent and he has coverage as the insured under another policy.  The parties agree that Marquis is covered as a dependent under Fairview's plan and as the insured under Anthem's policy.  The Anthem policy provides that "[t]he plan which covers the patient as the insured is primary to the plan which covers the person as a dependent; except, if that person is also a Medicare beneficiary and as a result of Medicare regulations, Medicare is . . . secondary to the plan covering the person as a dependent, and . . . primary to the plan covering the person as other than a dependent (e.g. a retiree)."

Anthem contends that the exception in its provision for Medicare beneficiaries makes the Fairview plan the primary coverage.  Fairview did not address the Medicare exception in Anthem's policy.

Under Medicare laws, a large group health plan, like both Fairview and Anthem, is primary to Medicare as long as the benefits under that plan are based on the "individual's current employment status."  42 U.S.C. § 1395y(b)(1)(B).  "[C]urrent employment status" means "the individual is an employee, is the employer, or is associated with the employer in a business relationship."  42 U.S.C. § 1395y(b)(1)(E)(ii).  Marquis's benefits under his wife's plan, through Fairview, were based on her current employment status, while his own benefits from Anthem were through COBRA based on his status as a laid off employee.  Because the Medicare statute makes the Fairview plan primary to Medicare coverage and may make Anthem secondary to Medicare coverage, the Medicare exception in Anthem's policy applies in this case.

Fairview did not address the Medicare exception in the Anthem policy.  In addition, Fairview's own plan similarly provides that "[i]n cases where there are benefits available either as a retiree or laid-off employee, the plan which covers the person as a retiree or laid-off employee shall pay second."

4

Under that provision, Anthem's policy, which covers Marquis as a laid-off employee under COBRA, is secondary to Fairview's plan. Therefore, based on the record presented and without considering Medicare's coverage, as between Anthem and Fairview, the Fairview plan is the primary insurer.

<u>Conclusion</u>

For the foregoing reasons, the motion for judgment on the record filed by Community Insurance Company, d/b/a Anthem Blue Cross and Blue Shield, (document no. 12) is granted, in that its coverage is secondary to the plan provided by Fairview Nursing Home, Inc. for the plaintiff's health care costs.  The motions for judgment on the record filed by the plaintiff and Fairview (documents no. 11 and 13) are denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 22, 2007

cc:  Steven J. Dutton. Esquire
     Scott H. Harris, Esquire
     Jean-Claude Sakellarios, Esquire
     Peter G. Webb, Esquire